SOPHIA H. CALDERÓN, CA Bar No. 278135
Email: scalderon@ftc.gov
LAURA M. SOLIS, WA Bar No. 36005, *pro hac vice*
Email: lsolis@ftc.gov
Federal Trade Commission
915 2nd Ave., Suite 2896, Seattle, WA 98174
(206) 220-6350 (phone) / (206) 220-6366 (fax)

LOCAL COUNSEL
THOMAS J. SYTA, CA Bar No. 116286
Email: tsyta@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4324 (phone) / (310) 824-4380 (fax)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

FILED
CLERK, U.S. DISTRICT COURT

4/18/2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MG_____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br> Plaintiff, <br><br> vs. <br><br> ABC HISPANA, INC., a corporation; ISB LATINO, INC., a corporation; ABC LATINA, LLC, a limited liability company; GONZALO RICARDO BAZÁN JIMÉNEZ; and MILAGROS RAQUEL URMENETA, <br> Defendants. | No. 5:17-CV-00252-JGB-DTB <br><br> **ORDER FOR PRELIMINARY INJUNCTION WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF** |

On February 13, 2017, Plaintiff Federal Trade Commission

("Commission" or "FTC") filed its Complaint for Permanent Injunction and

1

Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and applied for an *ex parte* temporary restraining order, asset freeze, and other equitable relief, and an order to show cause why a preliminary injunction should not issue pursuant to Rule 65 of the Federal Rules of Civil Procedure, for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

On February 14, 2017, this Court granted the FTC's *Ex Parte* Application for a Temporary Restraining Order and entered a Temporary Restraining Order with an order to show cause why a preliminary injunction should not issue against Defendants ABC Hispana, Inc., ISB Latino, Inc., ABC Latina, LLC, Gonzalo Ricardo Bazán Jiménez, and Milagros Raquel Urmeneta. All Defendants have been served with the Summons, Complaint, TRO, and other related papers filed in this action.

Having considered the parties' pleadings, papers, and arguments, the Court hereby enters a preliminary injunction against Defendants ABC Hispana, Inc., ISB Latino, Inc., ABC Latina, LLC, Gonzalo Ricardo Bazán Jiménez, and Milagros Raquel Urmeneta, to remain in effect until the final resolution of this matter.

## FINDINGS OF FACT

1.      This Court has jurisdiction over the subject matter of this case and over Defendants, who were properly served with the Complaint, Summonses, and TRO in this matter.

2.      Venue lies properly with this Court.

3.      There is good cause to believe that Defendants ABC Hispana, Inc., ISB Latino, Inc., ABC Latina, LLC, Gonzalo Ricardo Bazán Jiménez, and

2

Milagros Raquel Urmeneta, have engaged in, and are likely to continue to engage in, acts and practices that violate Section 5(a) of the FTC Act and various provisions of the TSR, and that the Commission is likely to prevail on the merits of this action.

4.     There is good cause to believe that consumers will suffer immediate and continuing harm from Defendants' ongoing violations of Section 5(a) of the FTC Act and various provisions of the TSR unless Defendants are restrained by Order of this Court.

5.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers, including the refund of monies paid, restitution, or rescission of contracts, will occur from the sale, transfer, destruction, or other disposition, or concealment by Defendants of their assets or business records unless Defendants are immediately restrained and enjoined by order of this Court.  Thus, there is good cause for an asset freeze and expedited discovery.

6.     Weighing the equities and considering the FTC's likelihood of ultimate success, a preliminary injunction with an asset freeze and other equitable relief is in the public interest.

7.     No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.     **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are

3

defined in the Uniform Commercial Code), insurance policies, lines of credit, all cash or currency, and trusts, wherever located.

2. "**Assisting Others**" includes, but is not limited to: (1) performing customer service functions, including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to sales scripts, direct mail solicitations, or the design, text, or use of images of any Internet website, email, or other electronic communication; (3) formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including, but not limited to, web or internet protocol addresses or domain name registration of any Internet websites, affiliate marketing services, or media placement services; (4) formulating or providing, or arranging for the formulation or provision of, any material sent to consumers, including, but not limited to, any DVD, CD, book, form, pamphlet, brochure, hardware, or software; (5) shipping or arranging for the shipping of any material to consumers; (6) providing or arranging for the provision of mail drops; (7) providing consumer names, soliciting consumers, or assisting in the generation of potential customers; (8) providing telemarketing services; (9) performing marketing, billing, or payment services of any kind; or (10) consulting with regard to any of the above.

3. "**Consumer**" means any person.

4. "**Corporate Defendant**" means ABC Hispana, Inc., ISB Latino, Inc., and ABC Latina, LLC, and their successors, assigns, subsidiaries, or affiliates, and any fictitious business entities or business names created or used by these entities.

5.   "**Defendants**" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

6.   "**Document**" and "**Electronically Stored Information**" are synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), and include but are not limited to:

a.   The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, instant messaging, videoconferencing, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, files, word processing documents, spreadsheets, databases, and video and sound recordings.  A draft or non-identical copy is a separate document within the meaning of the term; and

b.   Any electronically stored information stored on any server, Blackberry, or any type of mobile communications device, flash drives, personal digital assistants ("PDAs"), desktop personal computer and workstations, laptops, notebooks, and other portable computers, or other electronic storage media or cloud-based platforms, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained offsite by a third-

party; and computers and related offline storage used by Defendants or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

7.      "**Electronic Data Host**" means any person or entity that stores, hosts, or otherwise maintains Electronically Stored Information.  This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

8.      "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, credit or bank debit card processing agent, automated clearing house processor, network transaction processor, or other payment processor.

9.      "**Individual Defendants**" means Gonzalo Ricardo Bazán Jiménez and Milagros Raquel Urmeneta, by whatever other names each may be known.

10.      "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination.

11.      "**Telemarketing**" means any plan, program, or campaign (whether or not covered by the TSR) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones, and which involves a telephone call.

12.      The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the applicable phase or sentence inclusive rather than exclusive.

# **ORDER**

## I.   **PROHIBITED BUSINESS ACTIVITIES**

**IT IS ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.   Misrepresenting, or Assisting Others who are misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, the following:

1.   that Defendants or their telemarketers are from or affiliated with the government, a help center or *centro de ayuda*, a well-known company, or a radio station;

2.   that consumers have qualified for a government grant or subsidy, or a scholarship, that will pay a portion of the cost of Defendants' products;

3.   that consumers have won Defendants' products;

4.   that Defendants' products are worth substantially more than what the consumer is asked to pay;

5.   that Defendants' instructional materials include personal instruction by teachers or a certificate or diploma upon completion;

6.   that Defendants' tablet computers are brand-name or recent models;

7.   that Defendants or their telemarketers are lawyers or government officials; and

8.   that a lawsuit or other legal proceeding has been or will be filed against consumers in connection with an actual or alleged agreement to purchase Defendants' products;

7

B.     Violating, or Assisting Others in violating, any provision of the TSR, 16 C.F.R. Part 310, including, but not limited to:

1.     Sections 310.3(a)(2)(iii), (vii), and 310.3(a)(4) of the TSR, 16 C.F.R. §§ 310.3(a)(2)(iii), (vii), and 310.3(a)(4), by misrepresenting, directly or by implication, that:

      i.   Defendants or their telemarketers are from or affiliated with the government, a help center, a well-known company, or a radio station;

      ii.  the consumer has qualified for a government grant or subsidy, or a scholarship, that will pay a portion of the cost of Defendants' product;

      iii.  the consumer has won Defendants' product;

      iv.  Defendants' product is worth substantially more than what the consumer is asked to pay;

      v.  Defendants' instructional materials include personal instruction by teachers or a certificate or diploma upon completion; or

      vi.  Defendants' tablet computers are brand-names or recent models;

2.     Section 310.4(a)(1) of the TSR, 16 C.F.R. § 310.4(a)(1), by using threats and intimidation to coerce consumers to pay Defendants, including but not limited to, threatening consumers with legal actions, arrest, incarceration, referral to law enforcement authorities, losing their home, and damage to credit; and

3.     Section 310.4(a)(8) of the TSR, 16 C.F.R. § 310.4(a)(8), by failing to transmit or cause to be transmitted the telephone number and name of the telemarketer or of the seller to any caller identification service in use by a recipient of a telemarketing call.

## II.  PROHIBITION ON USE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation, or court order, Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from disclosing, using, selling, transferring, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any Person which any Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale, or the sale of products or services to consumers.

## III.  PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices, or business or personal finances, of any of the Defendants, or any entity directly or indirectly under the control of any of the Defendants, or under common control with any of the Defendants, including but not limited to: any and all marketing materials, Internet pages, Documents displayed on or accessible from any Internet website owned or

controlled by Defendants, consumer complaints, call detail records, telephone contacts, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns. Any third party having such document in its possession, custody, or control, and which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, is also restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, such Documents;

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of the Defendants' Assets; and

C.     Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the FTC with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detail description of the business entity's intended activities.

## IV.  ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons directly or indirectly under the control of any of them, including any Financial Institution, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

A.     Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds, real or personal property, or other Assets or any interest therein, wherever located, including any Assets outside the territorial United States, that are: (1) in the actual or constructive possession of any Defendant; (2) owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to, any Defendant; or (3) in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust, or other entity directly or indirectly owned, managed, or under the control of any Defendant, including any entity acting under a fictitious name owned by or controlled by any Defendant, and any Assets held by, for, or under the name of any Defendant at a savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, payment processing company, precious metal dealer, or other Financial Institution or depository of any kind;

B.     Opening, or causing to be opened, any safe deposit boxes titled in the name of, or subject to access by, any Defendant;

C.     Incurring charges or cash advances on any credit card, stored value card, debit card, or charge card issued in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant;

D.     Obtaining a personal or secured loan for or on behalf of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant;

E.     Incurring liens or other encumbrances on real property, personal property, or other Assets titled in the name, singly or jointly, of any Defendant,

11

or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; and

F.     Cashing any checks or depositing any payments from consumers or from clients or customers of any of the Defendants.

The Assets affected by this Section, and Sections VII ("Retention of Assets and Documents by Third Parties") and IX ("Repatriation of Foreign Assets and Documents") shall include (1) all Assets of Defendants as of the time this Order is entered; and (2) for Assets obtained after the time this Order is entered, only those Assets of Defendants that are derived, directly or indirectly, from the Defendants' activities as described in the Complaint. This Section shall not prohibit transfers in accordance with any provision of this Order, including the repatriation of foreign Assets as specifically required in Section IX ("Repatriation of Foreign Assets and Documents") of this Order, any further order of the Court, or by written agreement of the parties.

## V. DISABLEMENT OF WEBSITES AND PRESERVATION OF ELECTRONICALLY STORED INFORMATION

**IT IS FURTHER ORDERED** that immediately upon entry of this Order, (1) any Electronic Data Host who has received actual notice of this Order, by personal service or otherwise, and (2) Defendants, Defendants' successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons directly or indirectly under the control of any of them, and all other Persons in active concert or participation with any of them who receive actual notice of this order by personal service or otherwise, whether acting directly or indirectly, shall:

A.     Immediately take all necessary steps to ensure that any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of products or services or containing statements or

representations prohibited by Section I ("Prohibited Business Activities") of this Order cannot be accessed by the public; and

B. Prevent the alteration, destruction or erasure of any (1) Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of products or services by preserving such websites in the format in which they are maintained currently and (2) any Electronically Stored Information stored on behalf of Corporate Defendants or entities in active concert or participation with any of them.

## VI. SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

**IT IS FURTHER ORDERED** that any domain name registrar who has received actual notice of this Order, by personal service or otherwise, shall immediately suspend the registration of any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of products or services or containing statements or representations prohibited by Section I ("Prohibited Business Activities") of this Order and provide immediate notice to counsel for the FTC of any other Internet domain names registered by Defendants, Defendants' successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons directly or indirectly under the control of any of them, and all other Persons in active concert or participation with any of them.

## VII. RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that any Financial Institution, trust, entity, Electronic Data Host, or Person who has received actual notice of this Order, by personal service or otherwise, that holds, controls, or maintains custody of any account, Document, Electronically Stored Information, or Asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of, any Defendant or other party subject to

Section IV ("Asset Freeze") of this Order, or has held, controlled, or maintained any such account, Document, Electronically Stored Information, or Asset shall:

    A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the Assets, funds, Documents or other property held by, or under its control:

        1.    on behalf of, or for the benefit of, any Defendant or any other party subject to Section IV of this Order;

        2.    in any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section IV of this Order; and

        3.    that are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section IV of this Order;

    B.    Deny Defendants, unless accompanied by a representative of the FTC, access to any safe deposit boxes or storage facilities that are either:

        1.    titled in the name, individually or jointly, of any Defendant, or other party subject to Section IV of this Order; or

        2.    otherwise subject to access by any Defendant or other party subject to Section IV of this Order;

    C.    Within five (5) days of the date of service of this Order, provide counsel for the FTC a sworn statement setting forth:

        1.    the identification number of each account or Asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section IV of this Order, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

        2.    the balance of each such account, or a description of the nature and value of each such Asset as of the time this Order is served;

3.     the identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section IV of this Order, whether in whole or in part; and

4.     if the account, safe deposit box, storage facility, or other Asset has been closed or removed, the date closed or removed and the balance on said date; and

D.     Allow representatives of the FTC access to inspect and copy, or within five (5) days of a request from the FTC, provide counsel for the FTC copies of all records or other Documents pertaining to each such account or Asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

This Section shall apply both to existing accounts, Documents, Electronically Stored Information, and Assets and to accounts, Documents, Electronically Stored Information, and Assets acquired after the date this Order is entered.  This Section shall not prohibit transfers in accordance with any provision of this Order, including repatriation of foreign Assets as specifically required in Section IX ("Repatriation of Foreign Assets and Documents"), any further order of the Court, or by written agreement of the parties.

### VIII.  FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that, unless previously submitted in full compliance with the TRO entered in this case on February 14, 2017, each Defendant, within three (3) business days of the entry of this Order, shall prepare and deliver to counsel for the FTC:

A. For each Individual Defendant, a completed financial statement accurate as of the date of entry of this Order in the form of **Attachment A** to this Order captioned "Financial Statement of Individual Defendant;"

B. For each Corporate Defendant, a completed financial statement accurate as of the date of entry of this Order in the form of **Attachment B** to this Order captioned "Financial Statement of Corporate Defendant;"

C. For all Defendants, a list of all officers and directors of each Corporate Defendant and all other individuals or entities with authority to direct the operations of each Corporate Defendant or withdraw money from the account of each Corporate Defendant;

D. For each business entity owned, controlled, or managed by any Individual Defendant, regardless of whether it is a defendant in this case, the Individual Defendant shall also prepare and deliver to counsel for the FTC a completed "Financial Statement of Corporate Defendant," attached to this Order as **Attachment B**; and

E. For each Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, Assets, or property worth $500 or more since the date of the filing of the FTC's Complaint in this action. Such statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; (d) the method of the transfer or assignment, including the name of each Financial Institution and the accounts involved; and (e) the type and amount of consideration paid by or to the Defendant.

## IX. REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that, unless previously completed in full compliance with the TRO entered in this case on February 14, 2017, each Defendant shall:

A.     Within forty-eight (48) hours following the entry of this Order, transfer to the territory of the United States all Assets, accounts, funds, and Documents outside of the territory of the United States that are: (1) owned or controlled by; (2) subject to access by; (3) held in whole or in part for the benefit of; (4) belonging to any entity that is directly or indirectly owned, managed, or under the control of; or (5) belonging to a person under the control of any Defendant;

B.     Within forty-eight (48) hours following the entry of this Order, provide counsel for the FTC with a full accounting of all Assets, accounts, funds, and Documents outside of the territory of the United States that are held either: (1) by any Defendant; (2) for the benefit of any Defendant; (3) in trust by or for any Defendant, individually or jointly; or (4) under the direct or indirect control, individually or jointly, of any Defendant;

C.     Hold and retain all such repatriated Assets, accounts, funds, and Documents as required by Sections III ("Preservation of Records and Report of New Business Activity") and IV ("Asset Freeze") of this Order; and

D.     Within forty-eight (48) hours following the entry of this Order, provide the FTC access to all records of accounts or Assets of any Defendant held by Financial Institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

## X.  NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign Assets, or in the

hindrance of the repatriation required by Section IX ("Repatriation of Foreign Assets and Documents") of this Order, including, but not limited to:

A.    Sending any communication, statement, letter, facsimile transmission, email, or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Section IX of this Order; and

B.    Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section IX of this Order.

## XI. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## XII. LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the parties are granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, and applicable Local Rules, the FTC is granted leave to:

A.    Take the deposition, on three (3) days' notice, of any Person, whether or not a party, in any judicial district, for the purpose of discovering: (1) the nature, location, status, and extent of Assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of Documents and business

records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Order. Any limitations or conditions set forth in the Federal Rules of Civil Procedure or this Court's Local Rules regarding subsequent depositions of the same person, or presumptive limits on depositions, shall not apply to depositions taken pursuant to this Section;

B. Serve upon parties interrogatories or requests for production of Documents or inspection that require a response, production, or inspection within three (3) calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service, for the purpose of discovering: (1) the nature, location, status, and extent of Assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of Documents and business records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Order, *provided that* twenty-four (24) hours' notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only as electronic data. Any such interrogatories or requests for production or inspection shall not count toward any limit on discovery set forth in the Federal Rules of Civil Procedure or this Court's Local Rules; and

C. Serve deposition notices, third-party subpoenas, and other discovery requests pursuant to this Section by facsimile, email, or overnight delivery, and take depositions in person or by telephone or other remote electronic means.

## XIII. MONITORING

**IT IS FURTHER ORDERED** that employees, agents, or representatives of the FTC may contact Defendants or Defendants' employees, agents, or representatives directly and anonymously for the purpose of monitoring compliance with this Order, and may record any oral communications that occur in the course of such contacts.

## XIV.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that:

A.      Copies of this Order may be served by facsimile transmission, email, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any Financial Institution or other Person that may have possession, custody, or control of any Documents or Assets of any Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any Financial Institution shall effect service upon the entire Financial Institution; and

B.      For purposes of service on anyone in possession of records, Assets, property, or property rights, actual notice of this Order shall be deemed complete upon notification by any means including, but not limited to, notice by service by facsimile transmission of the first page, Sections IV ("Asset Freeze") and VII ("Retention of Assets and Documents by Third Parties"), and the last page of this Order, provided that notice is followed within five (5) business days by delivery of a complete copy of this Order.

## XV.  DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Defendants shall provide a copy of this Order to each of their affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, employees, independent contractors, client companies, Electronic Data Hosts, agents, attorneys, spouses, and representatives, and shall, within three (3) calendar days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that: (1) confirms that Defendants have provided copies of the Order as required by this Section; and (2) lists the names and addresses of each Person to whom Defendants provided a copy of the Order.

## XVI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 18th day of April, 2017, at 4:09 p.m.

_____
United States District Judge