SOPHIA H. CALDERÓN, CA Bar No. 278135
Email: scalderon@ftc.gov
LAURA M. SOLIS, WA Bar No. 36005, *pro hac vice*
Email: lsolis@ftc.gov
Federal Trade Commission
915 2nd Ave., Suite 2896, Seattle, WA 98174
(206) 220-6350 (phone) / (206) 220-6366 (fax)

LOCAL COUNSEL
THOMAS J. SYTA, CA Bar No. 116286
Email: tsyta@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4324 (phone) / (310) 824-4380 (fax)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>vs.<br>ABC HISPANA, INC., a corporation; ISB LATINO, INC., a corporation; ABC LATINA, LLC, a limited liability company; GONZALO RICARDO BAZÁN JIMÉNEZ; and MILAGROS RAQUEL URMENETA,<br>Defendants. | No. 5:17-CV-00252-JGB-DTB<br><br>**ENTRY OF DEFAULT JUDGMENT AND FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST ALL DEFENDANTS** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint")

1

pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 – 6108. On February 14, 2017, the Court entered a temporary restraining order against Defendants. ECF No. 20. On April 18, 2017, the Court entered a preliminary injunction order against Defendants. ECF No. 35. On May 31, 2017, upon application by the FTC, the Clerk of the Court entered default as to all Defendants. ECF No. 37.

The FTC has now applied for entry of a default judgment against all Defendants. In light of Defendants' default, and after considering the pleadings, declarations, exhibits, and all other evidence filed in this matter, the Court hereby GRANTS the FTC's application, upon the terms set forth below.

## **FINDINGS**

The Court finds as follows:

1. This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Telemarketing Act, 15 U.S.C. §§ 6101 – 6108. The FTC has authority to seek the relief contained herein.

2. The Complaint charges that the Defendants participated in deceptive telemarketing acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310. The FTC alleges that Defendants engaged in a fraudulent telemarketing scheme targeting Spanish-speaking consumers, in which Defendants' telemarketers sold English-language learning materials and tablet computers by making false and misleading representations and threatening consumers. The Complaint seeks both permanent injunctive relief and equitable monetary relief for Defendants' deceptive acts or practices as alleged therein.

3. The FTC's Complaint states a claim upon which relief may be granted.

4. The activities of Defendants, as alleged in the FTC's Complaint, are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The Court has jurisdiction over the subject matter of this case and has jurisdiction over the Defendants. Venue in this district is proper.

6. The Clerk of the Court properly entered a default against the Defendants on May 31, 2017.

7. The allegations in the FTC's Complaint are taken as true against the Defendants.

8. Entry of this Order resolves all matters in dispute in this action between the FTC and Defendants.

9. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "**Corporate Defendants**" means ABC Hispana, Inc., ISB Latino, Inc., and ABC Latina, LLC, and their successors, assigns, subsidiaries, or affiliates, and any fictitious business entities or business names created or used by these entities.

2. "**Defendants**" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

3. "**Individual Defendants**" means Gonzalo Ricardo Bazán Jiménez and Milagros Raquel Urmeneta, by whatever other names each may be known.

4. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination.

5. **"Telemarketing"** means any plan, program, or campaign (whether or not covered by the TSR) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones, and which involves a telephone call.

## ORDER

### I. PERMANENT BAN ON TELEMARKETING

IT IS HEREBY ORDERED that Defendants are permanently restrained and enjoined from engaging in telemarketing, or assisting others to engage in telemarketing, whether directly or through an intermediary.

### II. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to the following:

    A.    affiliation with any entity, including but not limited to a government, a help center or *centro de ayuda*, a well-known company, or a radio station;

    B.    that consumers have qualified for any type of financial assistance, including but not limited to a grant, subsidy, or scholarship;

    C.    that consumers have won any good or service;

    D.    that any good or service is worth substantially more than what the consumer is asked to pay;

    E.    any material aspect of the performance, efficacy, nature, or central characteristics of any good or service, including but not limited to the

manufacturer, model year, or, in the case of instructional materials, the inclusion of personal instruction or a certificate or diploma upon completion;

  F. affiliation with or status of a lawyer or government official; and

  G. that any adverse action will be or has been taken against any consumer, including but not limited to legal actions, damage to a consumer's credit history, seizure of a consumer's home, arrest, incarceration, or reporting consumers to immigration authorities.

### III.  MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

  A. Judgment in the amount of six million three hundred fifteen thousand twenty-three dollars ($6,315,023) is entered in favor of the FTC against Defendants, jointly and severally, as equitable monetary relief.

  B. Defendants are ordered to pay to the FTC six million three hundred fifteen thousand twenty-three dollars ($6,315,023). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of the FTC.

  C. Defendants' Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

  D. All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any

money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## IV. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, language preferences, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the telemarketing of goods or services; and

B. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V. COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendants must appear, and Corporate Defendants must cause such Corporate Defendants' officers, employees, representatives, or agents to appear, for interviews, discovery, hearings, trials,

and any other proceedings that an FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as an FTC representative may designate, without the service of a subpoena.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

    A.    Each Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B.    For 5 years after entry of this Order, each Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

    C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the FTC:

    A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with such Defendant; (b) identify all of such Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how such Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2.     Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate

Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. ABC Hispana, Inc., et al.* (FTC Matter No. X170027).

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, each Corporate Defendant and each Individual Defendant, for any business that such Individual Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. A copy of each unique script, training material, advertisement or other marketing material.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the

procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.      For matters concerning this Order, the FTC is authorized to communicate directly with each Defendant. Defendants must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

      C.      The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

      D.      Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this 28th day of August, 2017, at 1:40 p.m.

_____
Jesus G. Bernal, U.S. District Judge

11